IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC D. PERRY, | ) | No. C 16-0538 JSW (PR) |
| Petitioner, | ) ) | **ORDER OF DISMISSAL** |
| v. | ) ) | |
| SANTA CLARA COUNTY, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

### INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition challenging the constitutionality of his conviction in the state courts. Because it is clear that he has not exhausted his claims to the California Supreme Court, the petition is dismissed without prejudice to filing a new federal petition once all claims have been exhausted.

### DISCUSSION

I  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause

1 why the writ should not be granted, unless it appears from the application that the
2 applicant or person detained is not entitled thereto." *Id.* § 2243.

3 II <u>Legal Claims</u>

4   An application for a federal writ of habeas corpus filed by a prisoner who is in
5 state custody pursuant to a judgment of a state court, such as petitioner, may not be
6 granted unless the prisoner has first exhausted state judicial remedies, either by way of a
7 direct appeal or in collateral proceedings, by presenting the highest state court available
8 with a fair opportunity to rule on the merits of each and every issue he or she seeks to
9 raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129,
10 133-34 (1987).

11   In California, the supreme court, intermediate courts of appeal, and superior
12 courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003,
13 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is
14 non-appealable, a state prisoner may file a new habeas corpus petition in the court of
15 appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in
16 the California Supreme Court by way of a petition for review, or may instead file an
17 original habeas petition in the supreme court. *See id.* at n.3.

18   Petitioner has the burden of pleading exhaustion in his habeas petition. *See*
19 *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner indicates that he
20 never sought review of his conviction, including presenting the claims raised herein, in
21 the California Supreme Court. (Petition at 5.) He states that he filed a petition for a writ
22 of habeas corpus in the California Court of Appeal, but not in the California Supreme
23 Court. To exhaust his claims, Petitioner must fairly present them to the California
24 Supreme Court. Petitioner has not presented any exceptional circumstances to excuse his
25 failure to exhaust. *See Granberry*, 481 U.S. at 134. The petition will therefore be
26 dismissed without prejudice to refiling after available state judicial remedies are
27 exhausted.

28

**CONCLUSION**

For the foregoing reasons and for good cause shown the petition for a writ of habeas corpus is DISMISSED without prejudice.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided.  Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: May 3, 2016

JEFFREY S. WHITE
United States District Judge